## Commonwealth *v.* Anderson, Appellant.

*Criminal law—Conspiracy—Entrance into the combination—Evidence.*

It is not necessary that a man should be in at the birth of a conspiracy to defraud. He may enter the combination at a later date, adopt the instruments which have been prepared for the consummation of the scheme, and by intention and fraudulent participation in the promotion of the unlawful enterprise make himself a party to the conspiracy.

Argued Nov. 11, 1915. Appeal, No. 231, Oct. T., 1915, by defendants, from judgment of Q. S. Berks Co., June Sessions, 1913, No. 168, on verdict of guilty in case of Commonwealth v. Frederick G. Anderson, et al. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Indictment for conspiracy. Before WAGNER, J.

The facts appear by the report of the Commonwealth

Assignment of Errors—Opinion of the Court. [64 Pa. Superior Ct.

v. Rothensies, supra, and by the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were various rulings and instructions.

*William Kerper Stevens,* with him *Geo. S. Graham,* of *Graham & Gilfillan,* for appellant.

*Samuel E. Bertolet* and *Harvey F. Heinly,* District Attorney, for appellee.

OPINION BY PORTER, J., October 9, 1916:

The questions raised by this appeal have all been considered in the opinion this day filed in the case of Commonwealth v. Rothensies and it is necessary to add but little to what we there said. This appellant was not a party to the organization of the Corporation Funding and Finance Co. or the Reading Mutual Life Insurance Co., which companies were organized late in the year 1908, but he became connected with those companies very early in the period during which they actually engaged in business. On January 21, 1909, he became superintendent of agencies for the finance company; on April 20, 1909, he became a director and vice-president and on August 5, 1909, he became a member of the executive committee of that corporation and continued to hold those offices until March 25, 1912, when he resigned. He became general manager of the mutual company on January 20, 1910; October 3, 1911, he became vice-president and a member of the executive committee and so remained until he resigned on March 25, 1912. He was one of the incorporators of the Reading Life Insurance Co.; on April 15, 1909, he became a director of that company, as well as vice-president on January 20, 1910, and general manager on January 18, 1912, retaining these offices until he resigned on March 25, 1912. The evi-

dence clearly discloses that he was the active associate of Rothensies during the entire period that money was being gathered into these various companies and finding its way into the treasury of the finance company, and that he took an active part in the proceedings which resulted in the wreck of all the companies. It is not necessary that a man should be in at the birth of a conspiracy to defraud, he may enter the combination at a later date, adopt the instruments which have been prepared for the consummation of the scheme and by intentional and fraudulent participation in the promotion of the unlawful enterprise make himself a party to the conspiracy. The evidence in the present case was sufficient to warrant a finding that this appellant had done all this, and the question of his guilt or innocence was clearly for the jury. The specifications of error are all dismissed.

The judgment is affirmed, and it is ordered that the defendant, the appellant, appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, that had not been performed at the time this appeal was made a supersedeas.