## Commonwealth *v.* Holman, Appellant.

Argued June 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert Jay Vedatsky,* with him *Sarner, Borofsky & Stein,* for appellant.

*Francis C. Barbieri, Jr., Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, submitted a brief for Commonwealth, appellee.

OPINION BY CERCONE, J., December 1, 1975:

Appellant was tried in September, 1974, before a judge without a jury. The indictments charged appellant with conspiracy, simple and aggravated assault, and robbery. He was found guilty only of criminal conspiracy[1] and was sentenced to the Philadelphia County Prison for a period of not less than eleven and one-half nor more than twenty three and one-half months.

This case concerns a purse snatching incident involving three victims who were assaulted by four persons. Four defendants were apprehended near the scene shortly after the incident and were then and there identified by the victims as the perpetrators of the crime. The following day appellant, who was not one of the four defendants caught near the scene, surrendered himself to the police claiming that he alone was involved in the occurrence. Appellant then signed a written statement confessing to the assault and robbery of one of the three women victims. As the officer who took the statement testified, appellant's confession conformed in all respects to the details of the crime as related by the victims, except that appellant claimed that he was the only perpetrator of the crime. No question is raised in this appeal concerning the voluntariness of that statement.

At the preliminary hearing, the victims testified that they had been attacked by four men. While none of the

---

1. Act of 1972, December 6, P.L. 1482, No. 334, §1, eff. June 6, 1973, 18 Pa. C. S. §903.

victims could describe any of the assailants, they did identify the four defendants arrested at the scene and at least one of the victims who did not testify at appellant's trial, identified appellant as being one of the attackers. There arose, therefore, a discrepancy in the eyewitness identification that was never resolved. At appellant's separate trial the Commonwealth presented only one of its eyewitnesses, Mrs. Tomlin. She could not identify appellant as one of her assailants. Thus, the only evidence remaining against appellant was his statement that he alone had committed the crime and the testimony of Tomlin that she and her companions were set upon by four men. Appellant then, for the first time, repudiated the details of his written and signed confession, alleging that he had not been given an opportunity to read it. Nevertheless, the confession was admitted into evidence.

Following presentation of the Commonwealth's case, appellant demurred to all charges. The demurrers were sustained as to the assault and robbery charges but overruled as to the conspiracy charge. The Commonwealth filed no appeal on these demurrers and in fact concurred in the sustaining of the demurrers to the assault and robbery counts.

In this appeal, appellant contends: (1) that he was convicted on grounds other than those appearing in the conspiracy indictment; (2) that the doctrine of collateral estoppel barred his conviction of conspiracy after the demurrers to the charges of robbery and assault had been sustained;[2] (3) that the evidence was not sufficient to

___

2. We believe, but need not decide, that the trial judge erred in finding appellant guilty of conspiracy after sustaining demurrers to the substantive crimes. *There is no evidence in this case of a conspiracy other than participation in the assault and robbery.* When the trial court sustained appellant's demurrers to the evidence of the substantive crimes, it held that there was not sufficient evidence to support a finding that appellant participated in

support a conviction for conspiracy; and, (4) that the sentencing was improper.

The record here is less clear than we would desire and leaves to speculation the rationale of the trial court in sustaining the demurrers to the substantive offenses while overruling the demurrer to conspiracy. Similarly unclear is the thinking of the Commonwealth in concurring in the sustained demurrers. However, we agree with appellant's third allegation of error and conclude that the evidence viewed in the light most favorable to the Commonwealth does not support the conspiracy conviction. Therefore, we need not discuss the other questions appellant raises.

The standard which evidence of conspiracy must meet is summarized in *Commonwealth v. Santana*, 216 Pa. Superior Ct. 183, 186-187, 264 A.2d 724, 725 (1970): " '[E]vidence to sustain a charge of conspiracy must be such as reasonably and naturally justifies an inference of guilt of the accused and is of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt. . . .' *Commonwealth v. Yobbagy*, 410 Pa. 172, 176-77, 188 A.2d 750, 752 (1963) ; *Commonwealth v. Schwartz*, 210 Pa. Superior Ct. 360, 381, 233 A.2d 904, 914 (1967) ; *Commonwealth v. Evans*, 190 Pa. Superior Ct. 179, 201-02, 154 A.2d 57, 71 (1959). While it is true that 'a conspiracy may be inferentially established by showing the relation, conduct or circumstances of the parties . . .' *Commonwealth v. Rosen*, 141 Pa. Superior Ct. 272, 276, 14 A.2d 833, 834 (1940), such

these acts. Therefore, without a finding that appellant participated in the substantive acts, and there being no additional evidence in the case proving an agreement or plan to commit the substantive crimes, there was nothing upon which to predicate a guilty verdict for conspiracy. See generally *Commonwealth v. Mileski*, 454 Pa. 13, 15 (1973) and *Commonwealth v. Burdell*, 380 Pa. 43, 48-49 (1955).

circumstantial evidence must meet the standard set out above."

In proving a conspiracy, direct and positive testimony of the corrupt agreement is not necessary. *Commonwealth v. Dunie,* 172 Pa. Superior Ct. 444, 94 A.2d 166 (1953). Usually the nature of the crime makes it susceptible of proof only by circumstantial evidence, so that a formal agreement and its precise terms can seldom be established by direct evidence. The agreement nevertheless may be inferred from the acts of the parties under the circumstances. *Commonwealth v. Rosen,* 141 Pa. Superior Ct. 272, 276, 14 A.2d 833, 834 (1940). Where the acts of the parties indicate that they were acting in concert toward a common end, the jury may properly infer that the concerted action was the result of an unlawful agreement. *Commonwealth v. Neff,* 407 Pa. 1 (1962) ; *Commonwealth v. Armbruster,* 225 Pa. Superior Ct. 415 (1973).

However, the mere happening of a crime in which several people participate does not of itself establish a conspiracy among those people. In *Commonwealth v. Yobbagy,* 410 Pa. 172, 177 (1963), our Supreme Court said: " 'Even participation in the offense which is the object of the conspiracy does not necessarily prove the participant guilty of conspiracy. The evidence must convince that the defendant did something other than participate in the offense which is the object of the conspiracy. *There must, in addition thereto, be proof of the unlawful agreement and participation therein, with knowledge of the agreement.'*: *Dahly v. United States* (C.C.A. 8), 50 F.2d 37, 43." (emphasis supplied).

Assuming that the trier of fact could believe the portion of appellant's statement in which he claimed that he was at the scene of the crime and took the purse of one of the victims, and yet properly reject that part of the statement in which appellant asserted that he was alone and that no others were involved, thus concluding that appellant was among several persons who attacked

the victims, we still cannot hold that a conspiracy has been shown. At appellant's trial the only evidence tending to show concerted action upon the part of several attackers was that given by Mrs. Tomlin, one of the victims, in the Commonwealth's case in chief. Tomlin testified that four men emerged from a taproom in the immediate vicinity of the street corner at which Tomlin and the two other victims were standing. Upon seeing the victims, one of the four said, "we got bingo money," whereupon several of the four immediately set upon the three women and attempted to wrestle their purses from them. The testimony of Tomlin is very vague and it is not entirely clear in the record whether there were four or five men in the group or whether all members of this group actually participated in the physical assault. Essentially we are left with evidence that several, perhaps two, three, or all of a group of four or five men accosted three women on a Philadelphia street corner with the purpose of robbing them. A short time later four of these men were apprehended together near the scene of the crime. Appellant was not among those apprehended. We do not believe that this evidence even establishes participation by *all* those in the group of men observed leaving the taproom, let alone any agreement or common understanding among them. The testimony is equally susceptible to the inference that several, but less than all, of the group initially observed by the victim formed a spontaneous intent to rob upon sighting the victims on the street corner. There is no other evidence of a common design, planning or formed intent in the record. *Yobbagy,* supra, teaches us that even apparently concerted action does not prove an agreement or common understanding. We hold this to be such a case and accordingly, appellant's conviction for conspiracy is reversed.

Judgment of sentence is reversed and appellant discharged.

HOFFMAN and PRICE, JJ., concur in the result.