Commonwealth *v.* Branch, Appellant.

18

Submitted September 8, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael J. McAllister*, *Thomas Joseph Mettee*, and *Gutman and McAllister*, for appellant.

*Hugh J. Colihan*, *Mark Sendrow*, and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 29, 1976:

The instant appeal arises from the same incident

which prompted our opinion in *Commonwealth v. Holman*, 237 Pa. Superior Ct. 291 (1975). On the night of April 15, 1974, at about 11:00 P.M., Marie Tomlin, Ruth Dinowski and Mary Cara were standing on a corner at 4th Street and Fairmount Avenue in Philadelphia. The three women had just attended a bingo game and were awaiting their bus to go home. Four men emerged from a nearby taproom and one of the men said, "Oh, there's some bingo money." At that point three of the four men attacked the women. Shortly thereafter the fourth man, appellant herein, joined the assault in an effort to aid his brother who was holding Mary Cara at gunpoint. Ultimately all the ladies lost their purses to the thieves who then fled together. Marie Tomlin had been knocked down and was bleeding from a head wound; Ruth Dinowski had been punched and her glasses were broken; and, Mary Cara had been struck and was rendered momentarily unconscious.

Moments after the assaults police arrived on the scene and, shortly thereafter, captured the four assailants together, not far from the scene of the crime. Appellant was holding Mary Cara's purse which contained $97.00.

As a result of the incident appellant was charged with and convicted of conspiracy to commit robbery and theft, robbery of Mary Cara, simple and aggravated assault on Marie Tomlin, robbery of Ruth Dinowski, and aggravated assault on Ruth Dinowski.[1] Judgments of sentence were imposed from which appellant filed the instant appeal, alleging: (1) That the evidence was insufficient to find him guilty of any of the crimes committed against Mrs. Dinowski and Mrs. Tomlin; and, (2) That appellant's identification in court was the product of unconstitutional pre-trial confrontations. We find no merit in these allegations and will affirm.

---

1. The judge, sitting without a jury, found appellant guilty of only simple assault on Ruth Dinowski.

"The test for sufficiency of the evidence is 'whether, accepting as true all of the evidence, be it direct or circumstantial, and all reasonable inferences arising therefrom upon which, if believed, the trier of facts could properly have based the verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted'...." *Commonwealth v. Johnson*, 458 Pa. 23, 24-25, 326 A. 2d 315, 316 (1974); *Commonwealth v. Hornberger*, 441 Pa. 57, 60 (1970); *Commonwealth v. Dawkins*, 227 Pa. Superior Ct. 558, 322 A. 2d 715 (1974).

Also, we must consider the evidence in the light most favorable to the Commonwealth, the verdict winner. *Commonwealth v. Armbruster*, 225 Pa. Superior Ct. 415, 420 (1973).

In the instant case, of course, appellant's convictions for the crimes charged against Mrs. Dinowski and Mrs. Tomlin rest upon the lower court's conclusion that appellant was a co-conspirator in the assaults upon the three women. The black letter law is that if a conspiracy to commit a particular crime or crimes is shown, each conspirator is responsible for the acts of his co-conspirators committed in furtherance of the conspiracy. See, e.g., 7 P.L.E., Conspiracy §27 (1958); W. La Fave & A. Scott, Criminal Law §64 (1972). The agreement is the nexus which renders a conspirator vicariously liable for the acts of his associates. *Commonwealth v. Wilson*, 449 Pa. 235 (1972). Hence, in the instant case, if the evidence shows an agreement to assault and rob the women, and that appellant took part in the agreement, appellant is guilty of the crimes committed against Mrs. Dinowski and Mrs. Tomlin even though he did not personally attack them.

Although the evidence established that appellant, at first, did not assault the women, the unequivocal testimony of Ruth Dinowski established that appellant soon joined the assault, and was one of the men "fighting

Mary for her purse."[2] And, when appellant was arrested with the other three men, he was carrying Mary Cara's purse. Coupled with the statement, "Oh, there's some bingo money," which initiated the attack, there was more than enough evidence to find appellant guilty as charged. To be guilty of conspiracy, and the crimes that are the product thereof, it is not necessary for a person to join the conspiracy at its inception. *Commonwealth v. Evans*, 190 Pa. Superior Ct. 179 (1959), aff'd 399 Pa. 387, cert. denied, 364 U.S. 899 (1960); *Commonwealth v. Anderson*, 64 Pa. Superior Ct. 427 (1916); *Commonwealth v. Kirkpatric*, 15 L.I. 268 (1858). The collusive behavior of appellant sufficiently established the necessary elements of shared criminal intent and agreement. *Commonwealth v. Rife*, 454 Pa. 506, 511 (1973); *Commonwealth v. Joseph*, 451 Pa. 440 (1973).

The instant case is also readily distinguishable on its facts from *Commonwealth v. Holman*, supra. Holman was not among the four men immediately captured after the crime; he was never identified at trial as an assailant; and, his confession, the only incriminating evidence against him, stated that Holman acted alone—a direct contradiction of all other accounts of the commission of the crimes. Indeed, the trial court sustained Holman's demurrer on the robberies and assaults which were the objects of the conspiracy. To find Holman guilty of conspiracy to commit robbery and assault required an impossible rationalization of the facts as they were found in that case. See *Commonwealth v. Holman*, 237 Pa. Superior Ct. at 294-295, n. 2. No such feat is required to sustain appellant's conviction in the instant case.

Appellant also contends that his in-court identifications were tainted by constitutionally infirm pretrial confrontations. While this question was evidently argued at the hearing on the post-verdict motions on March 3, 1975, it was never advanced in the written

---

2. The other assailant of Mary Cara was appellant's co-defendant, his brother.

post-trial motions for a new trial and arrest of judgment. Rule 1123 (a) of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix (1964), requires that all issues to be considered on appeal must be included in written post-trial motions. When they are not, those questions will not be considered by our appellate courts. As our Supreme Court recently stated in *Commonwealth v. Blair*, 460 Pa. 31, 33, n. 1, 331 A. 2d 213, 214, n. 1 (1975):

> "Appellant's written post-trial motions were boiler plate challenges to the sufficiency of the evidence. Although counsel apparently made more specific oral motions that were considered by the court, the Pennsylvania Rules of Criminal Procedure, Rule 1123 (a), 19 P.S. Appendix, requires written post-trial motions.

> "The practice in some judicial districts of ignoring the requirements of Rule 1123 (a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts."[3] See also *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Thus, the question of the constitutionality of the confrontations had been waived.

Accordingly, the judgments of sentence entered by the court below in the instant case are affirmed.

SPAETH, J., concurs in the result.

---

3. *Commonwealth v. Blair*, supra, preceded the argument on the post-verdict motions in this case by more than one month. In any event, appellant conceded his presence at the scene of the crime. The only question was whether he had actively participated in the assault on the women, and there was more than ample evidence that the basis for the in-court identification of appellant rested solely on the women's opportunity to observe appellant on the night in question.