396 A.2d 457

**COMMONWEALTH of Pennsylvania**

v.

**Jerome BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided Dec. 28, 1978.

Petition for Allowance of Appeal Denied March 1, 1979.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Peter J. Anderson, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment rendered following jury trial and adjudication of guilty of criminal conspiracy. "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 903. Posttrial motions were filed and denied. An

appeal was timely filed; however, on September 24, 1976, we entered a judgment of non pros for appellant's having failed to proceed. By Order dated April 18, 1977, we removed the judgment of non pros following appellant's application therefor. We now consider appellant's direct appeal.

Testimony established that on September 6, 1974, three masked men entered Abe's Tavern in Harrisburg and at gun point removed the money from the cash register and robbed the bartender and eight or ten patrons of their money and sundry personal items. Following police investigation, these three were identified and two of them arrested, with the third awaiting extradition to Pennsylvania from another jurisdiction. One of those arrested was Frank Martin, who had been charged with the substantive crime and had pled guilty. Martin testified for the Commonwealth that he and his cohorts had used appellant's automobile for transportation before and after the robbery. He further stated that one of his conspirators, Reinberry, *infra*, obtained a rifle from appellant's apartment, but that he did not see appellant hand over the weapon or in any way discuss the robbery. The second of the three conspirators, Donald Reinberry, a/k/a Massey, was arrested, pled guilty to the instant robbery, and testified for the Commonwealth that he knew appellant and had conversed with him about desirable places to rob in Harrisburg. Appellant gave counsel as to the most likely location in an effort to enlarge Reinberry's knowledge of the area, and promised to provide weapons. A number of discussions of similar content were held in Brown's apartment, at which Earl Box, the third robber of Abe's Tavern and the one awaiting extradition at time of trial, was in attendance. One of these meetings several days prior to September 6, *supra*, culminated in Brown's lending a pistol and rifle to be used for a robbery of a bar known as John's. These weapons were returned to Brown on September 5. Then on the sixth, Reinberry and Box visited Brown, who suggested robbery of a beer distributorship, and who loaned his car for the venture. With the car, Reinberry and Box picked up Martin, circled back to Brown's apartment, and

Reinberry went inside to borrow the rifle and pistol from Brown, who again advised robbery of a certain beer distributor because of the likelihood of a large amount of cash there. Having driven to the beer distributorship, the trio noticed a police car parked there, and went instead to Abe's Tavern where they completed their scheme. The next day, Reinberry gave $25.00 to Brown from the proceeds of the robbery. A few days later he returned the weapons. Appellant testified in defense to the effect that he had never had any discussions with Reinberry or Martin, that neither had been in his apartment, and that he gave neither advice nor weapons nor an auto to these individuals.

Appellant proposed the following point for charge of the jury:

The elements of the crime of conspiracy as charged in this case are that there was an agreement between the defendant, Jerome Brown, and other persons to commit robbery at Abe's Tavern and that some act in furtherance of that agreement was carried out. Unless you find, beyond a reasonable doubt that both of these elements exist, you must find the defendant not guilty.

The lower court refused so to charge, explaining in its opinion that this refusal was based upon the fact that much of the Commonwealth's evidence properly introduced established that appellant had given guidance to the conspirators a number of times and had lent them weapons and transportation for the instant robbery. Appellant had participated in a scheme of criminal conspiracy and conduct, the result of which was the robbery of Abe's Tavern on September 6, 1974, albeit he had not suggested that specific location.

Appellant now argues that this refusal of the charge was error because Brown intended that the recipients of his counsel and largesse rob the suggested beer distributorship, not Abe's Tavern, and that when they went outside the bounds of his proposal, he was no longer their conspirator and no longer as responsible for their criminality as they are. Appellant states that the instant charge arose from the robbery at Abe's Tavern, and alleges that any conspiracy

charged to himself must be specifically tied to that event by his having intended or agreed that Abe's be robbed. Appellant's reliance upon the precept that abandonment of the original plan dissolves the conspirators' unity of purpose and releases from resultant criminality the abandoning conspirator is misplaced because he places an unreasonably narrow and self-serving interpretation to the facts of this case.

We grant that the proof in the case makes clear that appellant did not convey the message that Abe's Tavern was a likely site for robbery, but he had proposed many others. We agree with the lower court that appellant's purpose in conjunction with his three cohorts was to suggest prospects for robbery and to supply the means in part. It was pertinent at trial to admit evidence of past plans and discussions regarding robberies contemplated. Circumstantial evidence is proper proof. *U. S. v. Whitfield*, D.C., 378 F.Supp. 184 (1974). The essence of appellant's conspiracy was the common understanding struck by all that the three others would commit robberies. *Commonwealth v. Henderson*, 249 Pa.Super. 472, 378 A.2d 393 (1977). The indictment describes the alleged criminal conduct as conspiracy to commit robbery.

We find that the offense was completed when the three set out on their way, in appellant's car and with his weapons. Merely diverting their course to a new site does not relieve appellant of his criminal conduct insofar as the common scheme of planning is concerned. "[F]or an abandonment to be legally sufficient, it must occur before the commission of the crime becomes so imminent that avoidance is out of the question." *Commonwealth v. Roux*, 465 Pa. 482, 490, 350 A.2d 867, 871 (1976). Intention to withdraw by him who so intends must be communicated in ample time before the substantive crime occurs so as to allow the other planners—conspirators also to abandon the scheme. *Commonwealth v. Spriggs*, 463 Pa. 375, 344 A.2d 880 (1975). Such withdrawal or renunciation is a defense to a charge of conspiracy. Act, *id.* § 903(f). We have no such withdrawal in this case. Appellant's conduct makes him as liable for the

conduct of the three robbers as they are themselves. *Commonwealth v. Branch*, 239 Pa.Super. 17, 361 A.2d 435 (1976). The lower court did not err in refusing to charge as the appellant requested, his suggested charge being contradictory to the charge and proof of the case, viz., that appellant associated with others to plan robberies, and that he furthered the plan to its completion by his associates.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.