402 A.2d 507

COMMONWEALTH of Pennsylvania

v.

Kenneth JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided April 20, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

Appellant, Kenneth Johnson, was convicted of robbery and criminal conspiracy in a non-jury trial in Philadelphia County. Post-trial motions were filed and denied. Appellant was then sentenced to eleven and one half to twenty-

three months in prison on the robbery charge to be followed by three years probation on the criminal conspiracy conviction. Due to the inadequate record presented to us, we are forced to remand to the lower court.

One evening in April, 1976, the complainant in this suit stopped at a bar after work. He ordered a drink, placed ten dollars on the bar, then proceeded to the men's room. He testified that he wanted to rearrange a large sum of money he was carrying in order to better conceal it. After a minute or two, six men burst into the men's room where complainant had successfully concealed his money. One man, not the appellant, grabbed the complainant and held him in a "Nelson lock" while the others told the complainant to "give it up." Another man directly in front of the complainant held his hand inside his jacket as if harboring a weapon. Appellant stood behind the man who held his hand in his jacket. After a few moments, the men searched the complainant for money. Just as one found a ten dollar bill, the owner of the bar entered the men's room and the six men fled. All of the assailants left the bar except the appellant who was found seated in a booth with several people. When the complainant accused appellant of participating in the robbery, appellant denied any involvement and a fight ensued.

At trial, appellant testified in his own behalf. His version of the incident was that he had been in the men's room before the complainant had entered. Once he heard the fracas, he attempted to leave the men's room but was stopped by one of the other men who was robbing the complainant. Appellant left the men's room with the assailants, but said he had no reason to flee the bar so he returned to his friends.

Based on this evidence the lower court found appellant guilty of the crimes charged. On appeal, appellant raises two issues for our review: first, whether the evidence is sufficient to support the convictions, and second, whether his right to a speedy trial under Pa.R.Crim.P. 1100 was violated by the Commonwealth's failure to proceed with due

diligence.  Our review of these issues is complicated by the fact that no post-trial motions appear in the record presented to us.  Despite our request for a completed record over a four month period, no additions have been made.[1]

In light of that fact and in addressing the first issue, we will assume it was properly preserved for our review since it is discussed in the opinion of the lower court and appellee's brief without objection.  It is axiomatic that when reviewing the sufficiency of the evidence, the test is whether, accepting as true all the evidence and reasonable inferences therefrom upon which the factfinder could have based his verdict, it is sufficient to prove beyond a reasonable doubt that the appellant was guilty of the crimes charged.  *Commonwealth v. Paquette,* 451 Pa. 250, 253, 301 A.2d 837 (1973).  The judge, sitting without a jury, had the duty of determining the credibility of the witnesses in the instant case.  He had to weigh the conflicting story of the complainant who said he saw appellant rush into the men's room with the other five men versus appellant's story that he was already present in the men's room when the complainant entered.  Obviously, the trial judge believed the complainant's version which would support the convictions.  Although mere presence at the scene of a crime is not sufficient to find one guilty of the crime committed, or of a conspiratorial intent, such intent may be inferred from circumstantial evidence.  *Commonwealth v. Neff,* 407 Pa. 1, 179 A.2d 630 (1962).  The trial judge could have logically concluded that appellant's action of barging into the men's room with five other men who committed a robbery was sufficient to make him an accomplice and co-conspirator to the crime.  The cases argued by appellant are distinguishable in that the defendants there were truly only present at the scene of a crime and not identified as actual perpetrators.  *Commonwealth v. Fields,* 460 Pa. 316, 333 A.2d 745 (1975); *Commonwealth v. Holman,* 237 Pa.Super. 291, 352 A.2d 159 (1975).  Here, the complainant testified that appellant was one of the men who came

1.  Supervisory powers of the Supreme Court will be called upon in the future in all cases where no reasonable excuse appears for the failure to file a complete record.

into the men's room along with the others, witnessed the entire incident and fled with the assailants. When viewing this evidence in the light most favorable to the Commonwealth, it was sufficient to convict.

■ Appellant raises the second argument that his Rule 1100 rights were violated when the Commonwealth was granted an extension without a showing of due diligence. Once again, we will assume this issue is properly before us since the lower court opinion and appellee's brief discusses it without objection.[2] Here is where the record fails us. Apparently, the date for trial had been set at least three times prior to the final trial date. On the first two trial listings, the complainant failed to appear. After the second listing, a bench warrant was issued for the complainant. At the third listing, the complainant reported to the court room but left before the case was called to trial. Two days later, the last day of which was the day the Rule 1100 time period was to expire, the Commonwealth filed a petition for an extension of time pursuant to Pa.R.Crim.P. 1100(c). Appellant filed a petition to dismiss under Pa.R.Crim.P. 1100(f). The trial judge conducted a hearing on the petitions, found due diligence on the part of the Commonwealth, and extended the time for trial.

Although it appears, at first glance, that the Commonwealth could have proceeded more diligently in producing the complainant in the courtroom, we cannot make that judgment without the benefit of the transcript of the proceedings from the Rule 1100 hearing as well as a complete list of docket entries that corroborate the dates concerning the time during which the Rule was running. The sole reference we have to the transcript of the Rule 1100 hearing

---

2. As part of this argument, appellant contends it was error to grant the Commonwealth an extension based on a mere form petition as condemned in *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). Appellee claims this was not raised in post trial motions and was therefore waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Nor was the issue discussed by the opinion of the lower court. We cannot address this issue without the benefit of the written post trial motions upon which we can make an independent judgment.

is in appellant's brief; and, the docket entries presented in the record only begin with the date on which the Rule period allegedly expired. This hardly gives us a complete enough picture upon which to base a finding of due diligence or the lack of it. We can fairly decide this case only upon a thorough examination of these additional items.

Case remanded to the lower court for the completion of the record.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.