**Robert WILLIAMS**

v.

**Julius T. CUYLER, Superintendent; the Attorney General of Pennsylvania; and the District Attorney of Philadelphia County.**

**Civ. A. No. 79–2078.**

United States District Court,
E. D. Pennsylvania.

May 6, 1980.

Robert Williams, pro se.

Edward G. Rendell, Dist. Atty., Michael F. Henry, Asst. Dist. Atty., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

SHAPIRO, District Judge.

On May 13, 1976, following a jury trial in the Court of Common Pleas for Philadelphia County, Robert Williams was found

guilty of voluntary manslaughter in violation of 18 Pa.C.S.A. § 2503[1] and criminal conspiracy in violation of 18 Pa.C.S.A. § 903,[2] and not guilty of murder, robbery and burglary. He was sentenced on November 23, 1976, following the denial of post trial motions, to four to ten years for voluntary manslaughter and three to ten years for criminal conspiracy to be served consecutively, for an effective sentence of seven to twenty years. Claiming insufficiency of the evidence, plaintiff appealed to the Supreme Court of Pennsylvania, but that court affirmed the judgment *per curiam* on March 14, 1979. *Commonwealth v. Williams*, 484 Pa. 50, 398 A.2d 655 (1979). Mr. Williams then filed this *pro se* petition under 28 U.S.C. § 2254 for a federal writ of habeas corpus claiming insufficiency of the evidence as to both charges. He was allowed to proceed *in forma pauperis*. The Magistrate has recommended that the Court deny the petition. This Court agrees that the petition should be denied, but for reasons different in certain respects from those given in the Magistrate's Report. We therefore adopt those portions of the Report that are consistent with the following discussion and adopt the recommendation to deny the petition for writ of habeas corpus.[3]

As the Magistrate noted, the Supreme Court has recently announced that on review of a state prisoner's habeas corpus petition claiming a violation of due process for lack of sufficient evidence to support conviction, a federal court's inquiry should be—

. . . whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

. . .

*Jackson v. Virginia*, 443 U.S. 307, at 319, 99 S.Ct. 2781, at 2789, 61 L.Ed.2d 560, at 573 (1979) (emphasis in original). Consistent with the underlying constitutional prohibition against criminal convictions except upon proof of guilt beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), this standard must be met for each count that results in conviction. Petitioner was found guilty of voluntary manslaughter and criminal conspiracy.

Regarding the conviction for voluntary manslaughter, the evidence of record includes, *inter alia*, Mr. Williams' statement given to the police at the time of his arrest and admitted over his objection at trial, and his own trial testimony. In these statements, Mr. Williams admitted that his companion, Jon Kennedy, was arguing with

---

1. § 2503. Voluntary manslaughter
   (a) General rule.—A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:
   (1) the individual killed; . . .
   18 Pa.C.S.A. § 2503(a)(1) (1973).

2. § 903. Criminal conspiracy
   (a) Definition of conspiracy.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
   (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
   (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime. . . .
   (c) Conspiracy with multiple criminal objectives.—If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship. . . .
   18 Pa.C.S.A. § 903(a) and (c) (1973).

3. Mr. Williams also requested the appointment of an attorney for this case. Since Mr. Williams' sole challenges are to the sufficiency of the evidence of record and no procedural deficiencies in the state court proceeding are claimed or appear, an evidentiary hearing would serve no purpose and need not be held. *See*, 28 U.S.C. § 2254(d); *Townsend v. Sain*, 372 U.S. 293, 312–19, 83 S.Ct. 745, 756–60, 9 L.Ed.2d 770, 785–89 (1963). Under those circumstances, and after a thorough review of the record and consideration of defense counsel's brief from the prior state appeal on the same grounds, this Court declines to appoint counsel. *See*, Rule 8(c), Rules Governing Section 2254 Cases, 28 U.S.C. fol. § 2254; *Vandenades v. U. S.*, 523 F.2d 1220, 1225–26 (5th Cir. 1975).

Roy Capellupo, the victim, that Mr. Williams approached them, and that he hit the victim in the face and chest (N.T. 191–193, 367–368). Mr. Williams then testified that he left to get the car while his companion remained fighting (N.T. 369). An assistant medical examiner testified that the victim died as a result of multiple impact injuries to the head and chest sustained approximately the day of the incident (N.T. 89, 91, 108). The Commonwealth's theory of Mr. Williams' liability for the victim's death was that, whether or not he struck the deadly blows, he aided and abetted his companion in beating the victim, who died as a result. Since the jury could believe Mr. Williams' statement following his arrest in which he admitted hitting the victim, which was in part corroborated by other evidence, there was evidence sufficient under the *Jackson v. Virginia*, standard from which the jury could have found the elements of voluntary manslaughter.

With regard to the conviction for criminal conspiracy, it appears from the trial court's charge that four theories of criminal conspiracy went to the jury for considera-tion. (*See*, N.T. 553–556). The indictment, as read to the jury, contained an 18 Pa.C.S.A. § 903(a)(1) count charging that Mr. Williams agreed with Mr. Kennedy to engage in criminal conduct and a § 903(a)(2) count charging that he agreed to aid Mr. Kennedy in the planning or commission of a crime. The Court instructed the jury that if they believed there was an agreement "to beat Roy Capellupo *or* to take money or property from him by force," then they could find the defendant guilty of criminal conspiracy (N.T. 556) (emphasis supplied). This language is the only portion of the jury charge to mention the alleged criminal objectives of the conspiracy charge. Apparently, the predicate crimes to which the trial judge was referring were robbery, 18 Pa.C.S.A. § 3701,[4] and assault, although it is unclear whether the judge meant simple assault, *id.* § 2701,[5] or aggravated assault, *id.* § 2702,[6] since he did not specify the elements of those offenses for the jury. (The indictment also listed burglary as a conspiratorial objective, but this was not included in the jury charge.) As required by 18 Pa.C.S.A. § 903(e),[7] overt acts were

---

**4.** § 3701. Robbery
(a) Offense defined.—
(1) A person is guilty of robbery if, in the course of committing a theft, he:
(i) inflicts serious bodily injury upon another;
(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
(iii) commits or threatens immediately to commit any felony of the first or second degree;
(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or
(v) physically takes or removes property from the person of another by force however slight. . . .
18 Pa.C.S.A. § 3701(a)(1) (1979–1980 Supp.).

**5.** § 2701. Simple assault
(a) Offense defined.—A person is guilty of assault if he:
(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
(2) negligently causes bodily injury to another with a deadly weapon; or
(3) attempts by physical menace to put another in fear of imminent serious bodily injury. . . .
18 Pa.C.S.A. § 2701(a) (1973).

**6.** § 2702. Aggravated assault
(a) Offense defined.—A person is guilty of aggravated assault if he:
(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;
(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; or
(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon. . . .
18 Pa.C.S.A. § 2702(a) (1973).

**7.** § 903. Criminal conspiracy . . .
(e) Overt act.—No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired. . .
18 Pa.C.S.A. § 903(e) (1973).

charged, those being the blows directed by either alleged co-conspirator against the victim. The jury returned a general verdict of guilty as to criminal conspiracy.

■ In the Third Circuit, if a defendant is charged in a single count with conspiracy to achieve any one of a number of illegal objectives and the jury returns a general verdict of guilty on that count, then, where there is insufficient evidence to support conviction of conspiracy with regard to one or more but not all of the multiple objectives, the conviction must be vacated. *United States v. Tarnopol*, 561 F.2d 466, 473–476 (3d Cir. 1977); *United States v. Dansker*, 537 F.2d 40, 51 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); *cf., United States v. Brown*, 583 F.2d 659, 669–670 (3d Cir. 1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979) (convictions for racketeering and conspiracy reversed). This stricture also appears to be the law of Pennsylvania. *See, Commonwealth v. Field*, 223 Pa.Super. 258, 298 A.2d 908 (1972), *allocatur denied*. Such a rule avoids the constitutionally infirm possibility of conviction for a conspiracy with an objective as to which there is insufficient evidence. Mindful of these statutory and constitutional considerations, the Court has searched the record to find whether there exists sufficient evidence from which a jury could find guilt on each theory of criminal conspiracy.[8]

■ The trial transcript in the Common Pleas action furnishes no direct evidence of agreement. As permitted by Pennsylvania law, *e. g., Commonwealth v. Kwatkoski*, —— Pa.Super. ——, 406 A.2d 1102, 1105 (1979), the jury was requested instead to draw inferences from the relation between and conduct of the parties in light of surrounding circumstances. In denying Williams' post trial motions, the trial judge found, and this Court agrees, that the evidence is sufficient for a finding of joint action, and thus conspiracy, to beat or aid in beating Mr. Capellupo. Mr. Williams' statement to the police, read to the jury, relates that he and Jon Kennedy, a tenant of Mr. Capellupo, came to Kennedy's apartment and found the lights off. They got Mr. Capellupo to turn them back on, then went back downstairs and to the doorway of Mr. Capellupo's apartment together (N.T. 191). An argument ensued (N.T. 43), they both hit Mr. Capellupo, petitioner first (N.T. 384), and Kennedy struck him with an ashtray or smoking stand in petitioner's presence (N.T. 191–192). *See, Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976) (evidence of conspiracy to assault sufficient where defendant was seen passing weapon to co-conspirators and leaving bar with them shortly behind victim, and participated in beating).

The more difficult question is whether the evidence is also sufficient to support a conviction for conspiracy to commit or aid in committing robbery. Neither the Commonwealth nor the trial judge's post trial opinion consider this question. In its *per curiam* review, *Commonwealth v. Williams*, 484 Pa. 50, 398 A.2d 655 (1979), the Pennsylvania Supreme Court cites without discussion a single case involving conspiracy to commit robbery, *Commonwealth v. Waters*, 463 Pa. 465, 345 A.2d 613 (1975). In that case, evidence of conspiracy to commit robbery was held sufficient where the defendant entered a bar with companions and in possession of a weapon, participated in "fanning out" across the bar when a holdup was announced, and ran to the same getaway car as a companion. It is not as clear

---

**8.** As the Supreme Court notes, the reviewing federal court must apply the *Jackson* standard "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 n.16, 99 S.Ct. 2781, 2792 n.16, 61 L.Ed.2d 560, 577 n.16 (1979). Hence, the Court looks to Pennsylvania's substantive law of conspiracy. Although not determinative in this habeas action of the constitutional sufficiency of evidence at trial, the prior review of the Pennsylvania Supreme Court "is of course entitled to deference." 443 U.S. at 323, 99 S.Ct. at 2791, 61 L.Ed.2d at 576. It would also appear that the reviewing federal court should follow the applicable state law of sufficiency of evidence unless this law is constitutionally defective. The relevant Pennsylvania cases are reviewed accordingly.

that petitioner's actions in the instant case point beyond a reasonable doubt toward a plan or agreement to rob.

The record has been reviewed with care in the light of that case as well as other Pennsylvania cases, most particularly, *Commonwealth v. Holman*, 237 Pa.Super. 291, 352 A.2d 159 (1975) and *Commonwealth v. Johnson*, 485 Pa.Super. 328, 402 A.2d 507 (1979). In *Holman*, the evidence was held insufficient to establish conspiracy to commit robbery. The Commonwealth adduced testimony that a group of four men emerged from a bar together. Spotting three women with purses in the immediate vicinity, one said "we got bingo money," whereupon some or all of the group attempted to wrestle away the purses. Defendant admitted being at the scene of the crime and taking one of the purses. The court held the evidence of conspiracy insufficient because the testimony was "equally susceptible" to the opposite inferences that the crime arose from a plan or agreement and that it arose from "a spontaneous intent to rob upon sighting the victims on the street corner." 352 A.2d at 162.

In *Johnson*, the evidence was held sufficient to establish conspiracy to commit robbery. Testimony showed that the defendant joined five other men in "barging into" a men's room, was present while a team-executed robbery was attempted and partially completed, and fled with the others. After entering the men's room, the men proceeded immediately to restrain the victim, demand that he "give it up," and search for money. The record also permits an inference that shortly before these events, some or all of the men detected the victim was carrying a sum of money. Viewing the evidence in the light most favorable to the Commonwealth in the instant case, it is more closely analogous to *Johnson*.

In addition to the facts of record previously recited, one eyewitness stated that she saw Mr. Williams hit Mr. Capellupo "and push him back in the door of his apartment" (N.T. 68). Mr. Capellupo's telephone wire was cut (N.T. 25, 145–146). The left rear pocket of Mr. Capellupo's pants had been ripped considerably (N.T. 183). The victim in a dazed condition and near death nodded yes to a police officer at the hospital who asked if he had been robbed by a tenant (N.T. 181–182). Jon Kennedy was a tenant in the building (N.T. 127). Further, petitioner's statement to the police relates that:

> I saw Jon rip his pants, the old man's. He was looking for money. After we got in the car, he gave me three dollars. I bought Thunderbird wine with the money. . . . I saw him rip his pants and go through his pockets and get some money.

(N.T. 193).[9]

As in *Commonwealth v. Johnson*, 485 Pa. Super. 328, 402 A.2d 507 (1979), petitioner approached the victim with the alleged co-conspirator, isolated him, was present while a robbery occurred, and fled with the alleged co-conspirator. In addition, here the defendant accepted proceeds, albeit minimal, from the attack. *See, Commonwealth v. Armbruster*, 225 Pa.Super. 415, 311 A.2d 672 (1973). The possibility remains that robbery occurred as an afterthought to a vengeful beating, but this Court cannot say that no rational trier of fact could have found an agreement to commit robbery beyond a reasonable doubt.

▬ An additional factor complicates the matter. The jury did not convict defendant on the charge of robbery. However, acquittal of *robbery* does not preclude conviction of *conspiracy to commit robbery*. The surrounding circumstances discussed above provide a basis for inferring agreement to rob independent of evidence of the robbery itself. *Cf., Commonwealth v. Holman*, 237 Pa.Super. 291, 352 A.2d 159, 161 n.2 (1975) (where no evidence of conspiracy exists other than participation in underlying substantive crime, and evidence of that crime is held insufficient, evidence of con-

---

**9.** At trial petitioner denied ever having stated any such things (N.T. 383–384) and contested the statement's admissibility, but did not pursue the matter either on appeal or in his habeas petition.

spiracy also insufficient). Criminal verdicts need not be logically consistent provided there is sufficient evidence to support the verdict rendered; *Commonwealth v. Kwatkowski,* —— Pa.Super. ——, 406 A.2d 1102, 1106 (1979).

Accordingly, the petition for writ of habeas corpus will be denied.