## Commonwealth v. Heichel

C.P. of Centre County, no. CP-14-CR-1690-2009.

*Stacy Parks Miller,* for Commonwealth.
*Casey M. McClain,* for defendant.

RUEST, *J.,* January 28, 2010—Presently before the court is Ronald L. Heichel's petition for writ of habeas corpus filed on October 9, 2009. A hearing was held on November 13, 2009. Both parties submitted briefs. After consideration of the arguments at the hearing and after review of the briefs of the parties, the court denies defendant's petition for writ of habeas corpus.

## BACKGROUND

On August 28, 2009, Ronald L. Heichel was arrested by Trooper Leigh Barrows of the Pennsylvania State Police—Rockview Barracks and charged with criminal homicide, 18 Pa.C.S. §2501(a); criminal conspiracy (criminal homicide), 18 Pa.C.S. §903(a)(1)/18 Pa.C.S. §2501(a); aggravated assault, 18 Pa.C.S. §2702(a)(1); and theft by unlawful taking or disposition, 18 Pa.C.S. §3921(a); all as the result of an incident alleged to have occurred on August 23, 2009, at 383 Tusseyville Road, Potter Township, Centre County, Pennsylvania. Defendant was arraigned before Judge Bradley P. Lunsford on August 28, 2009, who denied defendant the right to post bail. Defendant, along with codefendant Mirinda Boob, appeared for a preliminary hearing in Centre County Central Court on September 16, 2009, before Magisterial District Judge Carmine W. Prestia. Prior to the pre-

liminary hearing, the Commonwealth withdrew the charge of theft by unlawful taking or disposition. At the conclusion of the preliminary hearing, defendant was bound over to the court of common pleas on the remaining charges contained in Centre County information no. CP-14-CR-1690-2009.

Defendant filed the present petition and the court held a hearing on November 13, 2009. The court ordered briefs on two issues: First, whether a defendant has the right to call witnesses and present evidence negating the Commonwealth's evidence at the preliminary hearing/ habeas corpus hearing; and second, what statements are to be considered exceptions to hearsay and be proffered as evidence against defendant to show prima facie conspiracy to commit criminal homicide and what statements would violate the hearsay rule and the Confrontation Clause of the United States Constitution, Amendment VI and the Pennsylvania Constitution, Article 1, Section 9.

## DISCUSSION

The Commonwealth has the burden of establishing a prima facie case that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. McBride,* 528 Pa. 153, 157-58, 595 A.2d 589, 591 (1991). To meet its burden, "the Commonwealth is required to present evidence with regard to each of the material elements of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense." *Id.* at 158, 595 A.2d at 591. "Evidentiary inferences . . . are constitutionally infirm unless the inferred fact is 'more likely than

not to flow from the proved fact on which it depends.'" *Id.* at 159, 595 A.2d at 591. (citation omitted) The "more-likely-than-not" test [is a] minimum standard in assessing the reasonableness of inferences relied upon to establish a prima facie case. *Commonwealth v. Wojdak,* 502 Pa. 359, 369, 466 A.2d 991, 996 (1983).

The Commonwealth maintains a defendant cannot present evidence at a habeas corpus hearing that contradicts that presented by the Commonwealth at a preliminary hearing, arguing that considering such evidence would put the court in the position of improperly making credibility determinations in a habeas corpus proceeding. See *Commonwealth v. Williams,* 911 A.2d 548 (Pa. Super. 2006).

Our Rules of Criminal Procedure are quite clear on this issue relative to a preliminary hearing: "the defendant shall be present at any preliminary hearing and may: . . . (3) call witnesses on the defendant's behalf, other than witnesses to the defendant's good reputation only; (4) offer evidence on the defendant's own behalf, and testify;" Pa. R.Crim.P. 542(C)(3) and (4). The Pennsylvania Supreme Court further illuminates this issue, again relative to a preliminary hearing, noting that "[t]he hearing's principal function is to protect an individual's right against unlawful detention. . . . In seeking this protection, the defendant has the right to contest the existence of a prima facie case and may not be denied the opportunity of presenting evidence which, in his view, negates its existence." *Commonwealth v. Mullen,* 460 Pa. 336, 341-42, 333 A.2d 755, 757 (1975). (citation omitted) The parties were unable to locate a single case addressing whether a defendant may call witnesses at a habeas cor-

pus proceeding when the Commonwealth offers no additional evidence. The court has determined that the habeas corpus hearing testimony of Trooper David Aiello is not necessary for its decision in this matter. The issue as to presenting evidence at habeas hearings is therefore moot.

Defendant maintains the Commonwealth has failed to establish a prima facie case as to the offenses of criminal homicide, criminal conspiracy (criminal homicide), and aggravated assault. Defendant argues the Commonwealth failed to establish prima facie that defendant pulled the trigger on Samuel Boob's gun, killing the decedent. Defendant further argues that it is far more likely that Ms. Boob committed the homicide herself.

The Commonwealth maintains the text messages place defendant at the scene of the homicide and detail how and when defendant and Ms. Boob intended to kill Samuel Boob. These text messages begin the morning of August 23, 2009, with defendant inquiring of Ms. Boob whether she saw him outside when she went outside herself. Defendant and Ms. Boob also allegedly discuss killing Samuel Boob during their text exchanges. First, defendant refers to Ms. Boob's appearance, revealing that he can see Ms. Boob and is therefore nearby. Ms. Boob acknowledges this text. Defendant asks if Samuel will be going to church with Ms. Boob, and then asks "Are you sure you want the pond done?" The Commonwealth argues this is code for your husband murdered." In later texts, defendant and Ms. Boob discuss her going to church so that she has an alibi for when the pond is done. Defendant then asks about the whereabouts of Samuel Boob, and indicates that defendant has concealed himself in the garage.

The Commonwealth argues it defies reason to think Ms. Boob would need an alibi for the installation of a pond and that the only reason someone would need an alibi is if something bad is going to happen and the person the bad thing happens to is no longer around to say who did the bad thing to him or her. The Commonwealth further argues this reasoning makes it unlikely that defendant was merely there to "rough up" or "confront" Samuel Boob over his alleged abuse of his wife, Ms. Boob, as he would still be around to identify who roughed him up.

Defendant later placed himself in the area of the homicide when he texted his mother asking "Can you take me to Bellefonte? I'm on 192," presumably referring to State Route 192, a road in the vicinity of the Boob residence. Defendant then texted his mother two more times, indicating he was walking along Route 192.

The court determines the Commonwealth has established to a prima facie level a case against defendant for criminal homicide.

On a charge of conspiracy, there will rarely be an overt statement from one of the conspirators to the other agreeing to commit a crime. *Commonwealth v. Davalos,* 779 A.2d 1190, 1193 (Pa. Super. 2001). Instead, the trier of fact must infer from the totality of the circumstances and from circumstantial evidence whether a conspiracy existed. *Id.* The court must therefore determine whether the Commonwealth has met its burden of presenting a prima facie case for conspiracy to commit criminal homicide.

"[T]he mere happening of a crime in which several people participate does not of itself establish a conspir-

acy among those people." *Commonwealth v. Holman,* 237 Pa. Super. 291, 296, 352 A.2d 159, 161 (1975). "[T]he evidence must show more than mere association to establish a conspiracy." *Commonwealth v. Murray,* 246 Pa. Super. 422, 429, 371 A.2d 910, 913 (1977). However, "the conduct of the parties under the particular circumstances of the case is sufficient proof to establish that a corrupt confederation existed." *Id.* "A conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged coconspirators are competent as proof that a criminal confederation has in fact been formed." *Commonwealth v. Kennedy,* 499 Pa. 389, 395, 453 A.2d 927, 930 (1982). (citation omitted)

The statement of a coconspirator is admissible under Pa.R.E. 803(25)(E), provided that the Commonwealth "prove the existence of a conspiracy between the declarant and the defendant against whom the evidence is being offered. Once this requirement is satisfied the Commonwealth must show that the statements were made during the course of the conspiracy, and finally that the statements were made in furtherance of the common design." *Commonwealth v. Mayhue,* 536 Pa. 271, 292, 639 A.2d 421, 431 (1994), citing *Commonwealth v. Zdrale,* 530 Pa. 313, 317, 608 A.2d 1037, 1039 (1992).

The Commonwealth has charged defendant with conspiracy. An arrest of one or both alleged conspirators generally terminates the conspiracy. *Commonwealth v. Seilhamer,* 862 A.2d 1263, 1271 (Pa. Super. 2004); *Commonwealth v. Ransom,* 446 Pa. 457, 462, 288 A.2d 762, 765 (1972). To be a statement in furtherance of conspiracy, a statement must be made with "intent to promote

the conspiratorial objective." *Commonwealth v. Johnson,* 576 Pa. 23, 44, 838 A.2d 663, 675 (2003). "Inculpatory statements" that "are narrative declarations of past activity made to a non-participant in the asserted conspiracy" are not made in furtherance of conspiracy. *Id.*

The Commonwealth has presented extensive records of text messages exchanged between defendant and Mirinda Boob on the morning of the alleged incident. At the hearing and in its brief, the Commonwealth did not point to any additional statements that it believes should be admissible as coconspirator statements. "The existence of a conspiracy between the declarant and the defendant must be demonstrated by a preponderance of the evidence; the statements must be shown to have been made during the course of the conspiracy; and they must have been made in furtherance of the common design." *Commonwealth v. Johnson,* 576 Pa. 23, 42, 838 A.2d 663, 674 (2003).

The court determines that any statements made by Mirinda Boob to any party after defendant's arrest are inadmissible against defendant to show the prima facie existence of a conspiracy. The text messages exchanged between defendant and Mirinda Boob, however, are admissible against defendant to show the prima facie existence of a conspiracy. Accordingly, the court has disregarded any statements made by Mirinda Boob to any party after defendant's arrest in making its determinations on defendant's habeas petition.

The court determines the Commonwealth has established to a prima facie level a case against defendant for conspiracy to commit criminal homicide.

To establish a prima facie case for aggravated assault, the Commonwealth must show that the victim suffered serious bodily injury and that the injury was inflicted intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life, or that the defendant intended to cause serious bodily injury to another. 18 Pa.C.S. §2702. Where a defendant actually causes the death of another, aggravated assault is considered a lesser included offense of homicide. *Commonwealth v. Anderson,* 416 Pa. Super. 203, 222, 610 A.2d 1042, 1051 (1992). The court has determined that the Commonwealth has established a prima facie case for criminal homicide. Therefore, the Commonwealth has also established a prima facie case for the lesser included offense of aggravated assault.

Accordingly, the following is entered:

### ORDER

And now, January 28, 2010, defendant's petition for writ of habeas corpus is denied.