Commonwealth ex rel. Shaddock *v.* Ashe, Warden.

OPINION BY MR. JUSTICE MAXEY, January 6, 1941:

Relator in this habeas corpus proceeding has been confined in the Western State Penitentiary by virtue of three commitments issued on September 29, 1934, in the Court of Oyer and Terminer and Quarter Sessions of Venango County.

On September 25, 1934, the relator entered a plea of guilty to an indictment indexed to No. 1 November Sessions, 1934, of the Court of Oyer and Terminer and Quarter Sessions of Venango County, charging (1) assault and battery with intent to commit rape, (2) aggravated assault and battery, and (3) rape. On October 2, 1934, he was sentenced by that court as follows: (1) First count—for a term of not less than two years nor more than four years. (2) Second count—for a period of not less than nine months nor more than one year and six months, to be computed from the expiration of sentence on the first count. (3) Third count—for

a period not less than six years nor more than twelve years, to be computed from the expiration of the sentence on the second count.

Relator complains that the aforesaid sentences were unlawful in view of the fact that he was indicted on three separate counts covering crimes growing out of the same transaction and therefore only one penalty can be imposed after conviction.

The District Attorney in his answer to relator's petition states that he "believes as a matter of law that while the aforesaid sentences . . . were not in compliance with the decisions of the Supreme Court of Pennsylvania, nevertheless respondent believes that it is his duty in this regard to respectfully direct your Honorable Court's attention to the fact that so far as the record discloses that the petitioner has not served the maximum sentence imposed under the third count in the indictment nor paid the fine imposed upon said third count."

The law is well settled, as we stated in *Commonwealth ex rel. Russo v. Ashe,* 293 Pa. 322, 142 A. 317, that though separate counts of indictment may properly charge the same state of facts as constituting different offenses, yet where the distinct crimes set forth grew out of the same transaction, differing merely in degree, only one penalty can be imposed after conviction, and separate sentences for each offense charged, directing independent punishment to run consecutively, are void as to all except that permissible upon conviction of the most serious charge. See also *Com. ex rel Ciampoli v. Heston,* 292 Pa. 501, 141 A. 287. In *Harman v. The Commonwealth,* 12 S. & R. 69, this court held that while a count for rape may be joined in the same indictment with one for an assault and battery, with intent to ravish, if the defendant be found guilty generally, he can be sentenced only on the count for rape.

It follows that the relator having been sentenced for the most serious crime charged in the indictment could

not also be sentenced for the lesser crimes which were only constituents of the major felony. The sentences on the first and second counts of the indictment must be stricken off and the respondent may treat the commitment under which he holds relator as if they had been amended accordingly.