## Commonwealth *v.* Sabathne, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before DOWLING, J.

*Richard D. Walker,* Public Defender, for appellant.

*James G. Morgan, Jr.,* and *Marion E. MacIntyre,* Deputy District Attorneys, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 3, 1974:

This is an appeal from the sentences imposed by the Court of Common Pleas, Criminal Division, of Dauphin County after the entry of pleas of guilty by the appellant to two separate counts of unlawful delivery of a controlled substance under the Controlled Substance, Drug, Device and Cosmetic Act, April 14, 1972, P. L. 233, No. 64, §13 (35 P.S. §780-100). Appellant, on June 13, 1973, was sentenced on each count to concurrent sentences of imprisonment for not less than two years nor more than five years.

On this direct appeal appellant contends that both counts merge into a single count and, therefore, the separate sentences are improper. We cannot agree, and, therefore, will affirm the judgment of sentence imposed by the lower court.

On June 9, 1972, appellant made two separate sales of methamphetamine tablets to the same agent for the Pennsylvania Bureau of Drug Control, the first of eight tablets for $2.00 and the second for one hundred

tablets for $20.00. Both sales took place in the same locale, the first in the restroom of a bar in Steelton, the second outside the same bar. The first sale was accomplished by direct negotiation between appellant and the agent, the second by the intervention of a third person. The Commonwealth's testimony places these sales ten minutes apart; the appellant's own testimony places them forty-five minutes to one hour apart. Appellant contends that these facts establish only one criminal act, i.e., one sale and that the two counts and subsequent sentences are improper.

At the time of formal arraignment on January 25, 1973, while represented by private counsel, appellant entered a plea of guilty to both counts following a complete colloquy of record, including an explanation of the separate counts involved. At the time of trial on March 8, 1973, these pleas of guilty were reiterated by appellant, then represented by the Public Defender's Office of Dauphin County, after an additional complete colloquy, again including explanation of the separate counts. It is clear that the guilty pleas entered by the appellant were voluntarily, knowingly and understandingly entered on both counts, and satisfy the requirements. *Boykin v. Alabama,* 395 U.S. 238 (1969).

Under the facts here present it is also clear that these two sales by appellant were sufficiently separate as to constitute two distinct offenses. They were separate as to quantities, i.e., eight and one hundred tablets, payment, i.e., $2.00 and $20.00 and time, i.e., either ten minutes or forty-five minutes to an hour. The second sale involved the intervention of a third party. *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920 (1941) at pages 104-105: "When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged . . . [w]hen one of two criminal acts committed successively is not a

necessary ingredient of the other, there may be a conviction and sentence for *both.*"

The judgment of sentence of the lower court is affirmed.

---

CONCURRING OPINION BY HOFFMAN, J.:

I concur in the affirmance of the judgment but do not believe that it is necessary to reach the question discussed in the majority opinion of whether the two transfers of narcotics by appellant to an undercover officer constituted a single or two separate and distinct offenses.[1] Since appellant entered a knowing and voluntary plea to the charges contained in separate indictments, it is clear that he cannot raise this issue on direct appeal.

Following the entry of a guilty plea, the only issues that may be raised on direct appeal are the voluntariness of the plea, the legality of the sentence, and the jurisdiction of the court. *Commonwealth v. Allen,* 443 Pa. 447, 277 A. 2d 818 (1971); *Commonwealth v. Bell,* 449 Pa. 1, 295 A. 2d 307 (1972); *Commonwealth v. Person,* 450 Pa. 1, 297 A. 2d 460 (1973). "A plea of guilty, knowingly made, constitutes an admission of guilt and is a waiver of all non-jurisdictional defects and defenses." *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967). By entering the plea to both indictments, appellant admitted his guilt to each crime charged therein. Since the sentences imposed were

---

[1] *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920 (1941), upon which the majority relies, is totally inapposite to the facts of the instant case. There, the Supreme Court held that the offenses of breaking and entering, robbery, and felonious attempt to kill, although committed in the same transaction, were distinct crimes, and that convictions and sentences on each were proper. The issue which appellant seeks to raise herein is whether the two transfers of money and drugs were successive steps in one felonious sale of narcotics.

legal, appellant cannot now complain of the Commonwealth's failure to consolidate the charges into one offense.[2]

SPAETH, J., joins in this opinion.

[2] Nor do I believe it wise for this court to determine the issue on the record before us. This is not a case in which the crimes merged as a matter of law. See *Commonwealth ex rel. Shaddock v. Ashe*, 340 Pa. 286, 17 A. 2d 190 (1941). The circumstances under which the two transfers of drugs and money took place are essential to a determination of whether they were installments or steps in one sale, or two separate sales. These facts were not developed in the court below during the short colloquy prior to the entry of the guilty pleas.