412 A.2d 610

**COMMONWEALTH of Pennsylvania**

v.

**Gregory JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Oct. 19, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence for robbery,[1] criminal conspiracy,[2] aggravated assault,[3] and recklessly endangering another person.[4]

The trial was before a judge sitting without a jury. The evidence was as follows. On September 25, 1977, at about 5:55 p.m. Victoria Wakulowska, her mother, Helena, and her

1. 18 Pa.C.S.A. § 3701 (Purdon's Supp.1978–79).

2. 18 Pa.C.S.A. § 903 (1973).

3. 18 Pa.C.S.A. § 2702 (1973).

4. 18 Pa.C.S.A. § 2705 (1973).

sister, Mariana, were about to enter their automobile, which was parked near 342 S. 15th Street, Philadelphia. Victoria, who was standing by the door on the driver's side, noticed appellant and his co-defendant approach her mother and sister, who were standing by the door on the passenger's side, from behind. When Victoria yelled, her mother and sister both turned to face the men. Appellant's co-defendant grabbed Helena Wakulowska's handbag and threw her to the sidewalk. N.T. at 30 (March 20, 1978). Appellant and his co-defendant then began running down the street, pursued by Mariana. Mariana testified that they were "practically touching each other as they were running." N.T. at 30 (March 20, 1978). They soon reached an alley; appellant entered it, while his co-defendant waited for him. It is not clear what occurred in the alleyway. In any case, appellant soon emerged, and he and his co-defendant continued running, side by side. In the course of their flight, they passed one Martin Silverstein, who testified that he became suspicious when he noticed that appellant repeatedly glanced backward. N.T. at 50 (March 20, 1978). A police officer who had been called to the scene saw appellant and his co-defendant climb over the door to an alley at 621–623 South 15th Street. They were apprehended nearby shortly thereafter. Mrs. Wakulowska's handbag was not recovered from the men nor was it found in any of the places they had been. N.T. at 45 (March 20, 1978). As a result of being thrown to the sidewalk, Mrs. Wakulowska suffered a broken wrist and her arm was permanently deformed. N.T. at 57–58 (March 20, 1978).

Appellant makes two arguments. First, he argues that there was insufficient evidence to show that he conspired with the co-defendant to rob Mrs. Wakulowska, and that therefore he should not have been convicted of any of the crimes charged. Second, he argues that his sentences for aggravated assault and recklessly endangering another person are improper because for sentencing purposes his conviction of those offenses merged with his conviction of robbery.

–1–

The Supreme Court has said many times that "[o]n appeal from a criminal conviction, the test for evaluating the sufficiency of the evidence is whether, viewing the entire record in the light most favorable to the Commonwealth, a finder of fact could reasonably have found that all elements of the crime charged had been proved beyond a reasonable doubt." *Commonwealth v. Lowe,* 460 Pa. 357, 358, 333 A.2d 765, 766 (1975); *Commonwealth v. Roux,* 465 Pa. 482, 350 A.2d 867 (1976). *See also Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973).

■ Section 903 of the Crimes Code defines conspiracy as follows:

(a) Definition of conspiracy.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

The Commonwealth may prove agreement by direct or circumstantial evidence. *Commonwealth v. Roux, supra,* 465 Pa.Super. at 488, 350 A.2d at 870. "[W]hile more than mere association must be shown, '[a] conspiracy may be inferentially established by showing the relation, conduct or circumstances of the parties, and the overt acts on the part of co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed.'" *Commonwealth v. Roux, supra,* 465 Pa.Super. at 488, 350 A.2d at 870. (*quoting Commonwealth v. Horvath,* 187 Pa. Super. 206, 211, 144 A.2d 489, 492 (1958)).

■ Here, while the evidence of appellant's presence at the scene of the robbery and flight from it might not be

enough to show his participation in a conspiracy, *see Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966), there is enough additional evidence that does so. *See e. g., Commonwealth v. Miller,* 229 Pa.Super. 123, 323 A.2d 782 (1974). Appellant and his co-defendant approached Mrs. Wakulowska together. After the co-defendant grabbed her handbag, they ran off together. When appellant went into an alley down the block, his co-defendant waited for him, and when he emerged, the two continued running together. They were finally apprehended by a police officer who saw them climbing over a door to another alley.

Since there was sufficient evidence to show that appellant and his co-defendant conspired together to rob Mrs. Wakulowska, and since the other crimes charged were all clearly in furtherance of this conspiracy, appellant was properly convicted of all charges. *See Commonwealth v. Branch,* 239 Pa.Super. 17, 361 A.2d 435 (1976).

–2–

The test for merger of offenses was stated in *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104–105, 21 A.2d 920, 921 (1941), as follows:

The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another, as for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when 'transaction' means a *single act.* When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged. Two crimes *may be* successive steps in one crime and therefore merge, as, e. g., larceny is merged in robbery, and assault and battery is merged in murder, or they may be two distinct crimes which do not merge.

Thus, theft and simple assault merge with robbery, *Commonwealth v. Guenzer,* 255 Pa.Super. 587, 389 A.2d 133

(1978); *Commonwealth v. Brooks,* 242 Pa.Super. 7, 363 A.2d 1132 (1976); assault and battery merges with aggravated assault and battery, *Commonwealth v. Hill,* 237 Pa.Super. 543, 353 A.2d 870 (1975); assault and battery in resisting arrest and unlawfully resisting an officer in making an arrest merge with assault and battery, *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973); corrupting the morals of a minor merges with statutory rape, *Commonwealth v. Cox,* 209 Pa.Super. 457, 228 A.2d 30 (1967); the misdemeanor of aggravated assault and battery merges with the felony of assault with intent to kill, *Commonwealth v. Soudani,* 398 Pa. 546, 159 A.2d 687 (1960); *cert. denied,* 364 U.S. 886, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960); and assault with intent to ravish merges with rape, *Commonwealth ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A.2d 190 (1941).

In the case before us, appellant was convicted of robbery "as a felony in the first degree." N.T. at 74 (March 20, 1978). The Crimes Code defines this offense as follows:

(1) A person is guilty of robbery if, in the course of committing theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

18 Pa.C.S.A. § 3701(a).[5]

It is apparent that the judge found appellant guilty of robbery (i), for he also found appellant guilty of aggravated assault "as a felony in the second degree." N.T. at 74 (March 20, 1978). A person is guilty of aggravated assault as a felony of the second degree if he intentionally "cause[s] serious bodily injury to another." 18 Pa.C.S.A. § 2702(a), (b). Here, the evidence was sufficient to prove aggravated assault as a felony of the second degree. "Serious bodily injury" includes injury that "causes . . . protracted

---

**5.** 18 Pa.C.S.A. § 3701(b) (Purdon's Supp.1978–79) makes it clear that robbery is a felony of the first degree only if it occurs in one of these three ways. See note 7, *infra.*

loss or impairment of the function of any bodily member." 18 Pa.C.S.A. § 2301. As has been mentioned, the evidence was that as a result of being thrown to the sidewalk,[6] Mrs. Wakulowska suffered a broken wrist and her arm was permanently deformed. Therefore, once the robbery had been proved,[7] no additional proof was necessary to prove the aggravated assault and the offenses merged.[8] *See Sloan v. State,* 323 So.2d 278 (Fla.App.1975); *State v. Steele,* 33 Or.App. 491, 577 P.2d 524 (1978); *cf. Smith v. U. S.,* 312 A.2d 781 (D.C.App., 1973) (assault with dangerous weapon and armed robbery merge); *Jones v. State,* 3 Md.App. 608, 240 A.2d 347 (1968), *cert. denied,* 394 U.S. 993, 89 S.Ct. 1484, 22 L.Ed.2d 769 (1969) (robbery with a deadly weapon and assault with intent to rob merge); *but cf. State v. Mays,* 105 Ariz. 47, 459 P.2d 307 (1969), *affirmed,* 105 Ariz. 242, 462 P.2d 791 (1969) (assault with deadly weapon does not merge with robbery).

The same reasoning applies to appellant's sentence for recklessly endangering another person. A person is guilty

**6.** The action of throwing Mrs. Wakulowska to the sidewalk after grabbing her purse was pertinent to the robbery conviction. 18 Pa.C.S.A. § 3701(a)(2) provides that "[a]n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in *flight* after the attempt or commission." (Emphasis added).

**7.** The lower court in its opinion says: "As soon as the defendant used force to grab the victim's handbag, the crime of robbery had been committed." Slip op. at 7. This is imprecise. While "grab[bing] the handbag" might have constituted robbery as a felony of the third degree ("physically takes or removes, property from the person of another by force however slight"), 18 Pa.C.S.A. § 3701(a)(1)(v), (b) (Purdon's Supp.1978–79), the court, as noted, found appellant guilty of robbery as a felony of the first degree, ("in the course of committing theft . . . inflicts serious bodily injury"), 18 Pa.C.S.A. § 3701(a)(1)(i), (b).

**8.** The lower court stated that robbery and aggravated assault do not merge in this case because robbery could be committed as a felony of the first degree under 18 Pa.C.S.A. § 3701(a)(1)(iii) as long as some other felony, not necessarily aggravated assault, accompanied the taking. Slip op. at 8. This is beside the point. All we need determine is whether "under the unique facts of this case," *Commonwealth v. Belgrave,* 258 Pa.Super. 40, 49, 391 A.2d 662, 667 (1978) (CERCONE, P. J., concurring and dissenting), the offenses merged.

of this offense "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705 (1973). Once the robbery had been proved, by showing that appellant's co-defendant had grabbed Mrs. Wakulowska's handbag and thrown her to the sidewalk, breaking her wrist, no additional proof was necessary to prove reckless endangerment, and the offenses merged.[9]

Judgments of sentence vacated. The case is remanded for resentencing in accordance with this opinion.

**9.** In its opinion the lower court concedes error in having sentenced appellant for reckless endangerment, and asks that the case be remanded so that that sentence may be vacated. Slip op. at 8–9.