417 A.2d 1200

**COMMONWEALTH of Pennsylvania**

v.

**Willie C. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Jan. 4, 1980.

580

George C. Yatron, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

WIEAND, Judge:

Willie C. Williams, appellant, was convicted of forgery[1] and criminal attempt to commit theft by deception.[2] Fol-

1. 18 Pa.C.S. § 4101.
2. 18 Pa.C.S. §§ 901, 3922.

lowing denial of post trial motions, appellant was sentenced on the forgery charge to serve a term of imprisonment for not less than three years nor more than seven years and to pay a fine of $50. For the offense of criminal attempt, he was sentenced to serve a concurrent term of not less than one year nor more than two years. On appeal, appellant raises eight issues, five of which challenge the sufficiency of the evidence to sustain the convictions. The remaining three issues dispute the propriety of (1) the Court's refusal to suppress identification testimony and appellant's incriminatory statement; (2) the admission into evidence of appellant's incriminatory statement, allegedly without prior proof of a corpus delicti; and (3) the trial court's denial of a motion for mistrial on the grounds that a witness had testified he saw appellant at a previous hearing. Because the evidence amply supports the verdict and because appellant's assignments of error are without merit, the judgment of sentence will be affirmed.

The offense of forgery, 18 Pa.C.S. § 4101, provides in pertinent part:

§ 4101. Forgery.

(a) Offense defined.—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(3) utters any writing which he knows to be forged in a manner specified in paragraph (1) or (2) of this subsection.

To be guilty of criminal attempt, a defendant must intend to commit a specific crime and take a substantial step toward the commission of that crime. 18 Pa.C.S. § 901. The specific crime charged in the instant case is theft by deception, 18 Pa.C.S. § 3922, which is defined as follows:

§ 3922. Theft by deception.

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

In determining the sufficiency of the evidence, we must review the entire trial record. "All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove. [Citations omitted.] Also, in passing upon such a motion, all evidence actually received must be considered, whether the trial rulings thereon were right or wrong." *Commonwealth v. Terenda*, 433 Pa. 519, 523, 252 A.2d 635, 637 (1969); *Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965). See also: *Commonwealth v. Williams*, 269 Pa.Super. 544, 410 A.2d 835 (1979). When the evidence is viewed in this manner, it becomes clear that appellant's sufficiency arguments must fail.

On July 27, 1977, appellant entered Bloom Furniture in Reading, Berks County, and stated to the sales clerk, Mr. Chambers, that he wished to purchase a radio costing ap-

proximately $20. After Chambers had written up the sale, appellant took the radio to Miss Kirchoff, the bookkeeper, and presented her with a check made out to and endorsed by a "Miguel Gonzalez" in the amount of $92.50. The check was drawn on the First National Bank of Boyertown, purportedly by a representative of Penguin Automotive Mfg., Inc. (Penguin). Kirchoff requested identification from appellant, but appellant stated that he had none. She then told appellant that she would have to telephone Penguin in order to verify the check. With check in hand, she walked to her desk and began dialing the phone. Appellant suggested that it was a payroll check which he had "won". As Miss Kirchoff's connection was completed, appellant approached her, requested that she return the check, and reached across the desk for it. Miss Kirchoff refused to give him the check, and appellant walked out of the store.

Appellant was arrested a short time thereafter. After being advised of and waiving his *Miranda* rights, appellant told police that he had been walking in an alley and found some checks lying behind a telephone pole. He said that he had destroyed all the checks except one. Later that day, he placed the name "Miguel Gonzalez" on the check, signed it with the name of a fictitious agent for the drawer and presented it the Bloom Furniture in part payment for the radio. The Commonwealth established at trial that the check had not been signed by anyone with authority at Penguin and that the check was one of several which had disappeared from Penguin's checkbook.

It can readily be seen from this review that all elements of the crimes of forgery and attempt to commit theft by deception were fully established by the Commonwealth's evidence. The motion in arrest of judgment, therefore, was properly denied.

Appellant argues, however, that his statement should have been suppressed because it was made as a result of promises of leniency impliedly made by the interrogating officer. The record discloses no basis for such a contention. The uncontradicted testimony at the pre-trial suppression hear-

ing was that the arresting officer had advised appellant of his *Miranda* rights and that appellant had voluntarily waived those rights. The evidence further showed that appellant had been promised nothing and that no "deals" had been made before appellant made his incriminatory statement.

Appellant argues further that his statement should not have been received in evidence because the Commonwealth failed to prove the corpus delicti of forgery and criminal attempt. "[A]n extra-judicial admission or confession of one accused of crime cannot be received in evidence unless and until the corpus delicti of the crime has first been established by independent proof, . . . ." *Commonwealth v. Turza*, 340 Pa. 128, 133, 16 A.2d 401, 404 (1940); *Commonwealth v. Steward*, 263 Pa.Super. 191, 196, 397 A.2d 812, 814 (1979). However, a corpus delicti may be shown by circumstantial evidence which depicts the occurrence of an injury or loss accompanied by circumstances consistent with the commission of a crime. *Commonwealth v. Steward*, supra. A corpus delicti may exist even though the circumstances may also be consistent with innocence. *Commonwealth v. Gibson*, 201 Pa.Super. 573, 578, 193 A.2d 690, 692 (1963).

The Commonwealth's evidence in this case showed that appellant had in his possession a check which purported to be signed by Penguin; that the check was one of several which were missing from Penguin's checkbook; that someone without authority had signed the check; that appellant presented this check to a store clerk in return for a radio; and that appellant fled when the clerk attempted to verify the check. These facts were sufficient to establish a corpus delicti of forgery. The corpus delicti of attempt to commit theft by deception was also established by evidence that appellant had attempted to obtain a radio by creating a false impression that the check presented was valid and properly executed. The Commonwealth was not required in proving the corpus delicti to exclude every possible non-criminal explanation. *Commonwealth v. Steward*, supra.

■ Appellant next contends that the suppression hearing judge erred in failing to suppress the identification testimony of the store clerk and bookkeeper because of a suggestive photographic display. The record of the suppression hearing discloses no impropriety in the photographic display. Moreover and in any event, both witnesses had observed appellant for eight to ten minutes at close range and in good lighting. This evidence supported the court's finding that the witnesses' identification testimony had an independent basis and was not contaminated by suggestiveness, if any, inherent in a photographic display. See: *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976); *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975). See also: *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

■ Appellant's final argument that the court erred in refusing to grant a mistrial after a witness stated that he had seen appellant at a previous hearing is also without merit. The following is the colloquy appearing on the record:

Q. Mr. Brenner, at that time did you know a man named Willie C. Williams?

A. No.

. . . . .

Q. Did you ever see him before?

A. Yes, at a hearing.

Q. Other than in connection with this case?

A. Absolutely not.

The court properly concluded:

This reference makes it clear that Mr. Brenner knew [appellant] only with regard to this case and in no way implies that [appellant] was involved in other crimes or had prior contact with the police. The court even gave [appellant] an opportunity at that time to have an instruction given to the jury on this point, couched as he would like it, but [appellant] stated he did not want any such instruction given. (N.T. pp. 20–21)

586

Appellant's trial was conducted fairly and properly, and there is no basis for disturbing the verdict of the jury.

The judgment of sentence is affirmed.