421 A.2d 818

**COMMONWEALTH of Pennsylvania**

v.

**Derrick CROCKER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Sept. 5, 1980.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

Appellant was tried by a judge sitting without a jury and was convicted of burglary and criminal trespass. Post-verdict motions were denied and appellant was sentenced to one and one-half to five years for burglary and to a concurrent sentence of one to two years for criminal trespass. On this appeal appellant contends that the evidence was insufficient

to sustain his conviction of burglary,[1] and that the sentences imposed were improper.

In appraising the sufficiency of the evidence to sustain appellant's conviction, we must view the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Holmes,* 482 Pa. 97, 393 A.2d 397 (1978). Viewed in that light, the evidence produced at trial was to the following effect.

On September 14, 1978, at approximately 10:50 p. m., Officer David Thomas of the Philadelphia Police Department received a radio call directing him to check the Muratone Company building at 1825 N. 6th Street. He went to that address and had started to inspect the entrances when a large garage door to the building opened. The officer saw appellant standing inside the door and asked him if he was an employee of the company. Appellant responded that he was not. The officer then asked him what he was doing there, and appellant said that he had gone there in the daytime to ask for a job but had been locked inside by mistake. The officer noticed that some boxes containing painting materials had been stacked near the door. On cross—examination, the officer admitted that he saw no signs of a forced entry and that appellant was cooperative when apprehended inside the building.

Herbert Tiedeken, the owner of the Muratone Company, testified that he had left the building at approximately 7:30 p. m. that evening and had locked all the doors, inspected much of the building, and set the burglar alarm system. He said that he saw no one inside the building before he left and that he kept no inventory stacked near the garage door. On questioning by the court, he testified that he did all the hiring for the company, and that he had not seen appellant there seeking employment. He added, however, that he was not there for the entire day and thus could not definitely say whether appellant had come in and asked for work. He also stated that he saw no inventory stacked near the door before he left that evening.

1. Appellant has not raised any argument with respect to the sufficiency of the evidence to convict him of criminal trespass.

The offense of burglary is defined in the Crimes Code as follows:

(a) Offense defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S. § 3502(a).

The evidence that appellant was apprehended inside a commercial establishment after it had closed, near some boxes that had been stacked by the door that same night, was sufficient to prove that, at least when he was apprehended, appellant had the intent to steal the boxes of painting materials. *See Commonwealth v. Madison*, 263 Pa.Super. 206, 216, 397 A.2d 818, 824 (1979).

Appellant's argument, however, does not concern the evidence of his intent when he was apprehended, but instead, of his intent when he entered. It is true that in order to be convicted of burglary appellant must have formed the intent to commit a crime when he entered, not after he entered. *See Commonwealth v. Garrett*, 229 Pa.Super. 459, 323 A.2d 314 (1974). Moreover, he could not be guilty of burglary if he was privileged to enter the premises, despite his intent to commit a crime there. *See Commonwealth v. Cost*, 238 Pa.Super. 591, 362 A.2d 1027 (1976). Focusing on the circumstances of his entry, appellant argues that since he entered the building when it was open and with the intent to seek employment there, he cannot be guilty of burglary.

Appellant's argument is without merit. Certainly, appellant's story to Officer Thomas, if believed, would have led the fact–finder to find him not guilty of burglary. However, his story need not have been believed. The evidence was sufficient for the fact–finder to conclude that appellant entered the building when he was not privileged to do so, with the intent to commit theft, and that his story to the officer had been fabricated on the scene in response to the officer's question of what he was doing there.

Appellant's argument that the sentences were improper is that by sentencing him for both burglary and criminal trespass the lower court impermissibly twice sentenced him for the same criminal act. According to appellant, for sentencing purposes his convictions should have merged.[2]

The definition of burglary has been stated above. The definition of criminal trespass is as follows:

(a) Buildings and occupied structures.—

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

(2) An offense under paragraph (1)(i) is a felony of the third degree, and an offense under subparagraph (1)(ii) is a felony of the second degree.

18 Pa.C.S. § 3503(a).

The test for deciding whether crimes merge for sentencing purposes has in some cases been described as essentially similar to the test for deciding whether an offense not charged in an indictment is a lesser included offense of the crime that is charged. *Commonwealth v. Olsen*, 247 Pa.Super. 513, 520 n. 4, 372 A.2d 1207, 1211 n. 4 (1977), *vacated on other grounds*, 487 Pa. 506, 410 A.2d 299 (1980); *Commonwealth v. Dockins*, 230 Pa.Super. 271, 326 A.2d 505 (1974). This test compares the elements of the two crimes to determine whether the lesser offense includes any element not included in the greater offense. *Commonwealth v. Olsen, supra.*

By a comparison—of—elements test, criminal trespass is not a lesser included offense of burglary. *Commonwealth v. Carter*, 482 Pa. 274, 393 A.2d 660 (1978). In *Carter* the

2. Appellant did not argue merger below. Despite that failure, however, the argument is not waived. *See Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976).

Court held that a defendant could not be convicted of criminal trespass on an indictment charging only burglary because one of the elements of criminal trespass is entry by the accused "*knowing* that he is not licensed or privileged to do so" (emphasis added), which is not an element of burglary.

Application of a comparison–of–elements test alone, however, does not satisfactorily answer the question presented by this case. The purpose of such a test is to decide whether the indictment has given the accused sufficient notice of the crimes of which he may be convicted. The merger of sentences doctrine is concerned not with conviction but punishment; its purpose is to preclude the imposition of separate punishments for what in practical effect was but a single criminal act. Thus, in merger of sentences cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be merger and only a single sentence may be imposed, or more than a single act, in which case there will be no merger and a sentence may be imposed for each act. *See Commonwealth v. Buser*, 277 Pa.Super. 451, 457–459, 419 A.2d 1233, 1236–1237 (1980); *Commonwealth v. Jackson,* 271 Pa.Super. 131, 137 n. 8, 412 A. 2d 610, 613 n. 8 (1979); *Commonwealth v. Belgrave,* 258 Pa. Super. 40, 49, 391 A.2d 662, 667 (1978) (CERCONE, P. J., concurring and dissenting) ("unique facts"). If there has been but one criminal act, even though it caused several injuries still there has been but one crime, for which there may be but one penalty. *See Commonwealth v. Walker*, 468 Pa. 323, 331, 362 A.2d 227, 231 (1976). Similarly, if there have been several acts but all were part of a single transaction and differed, if at all, only in degree, there may be but one penalty. *Commonwealth ex rel. Shaddock v. Ashe*, 340 Pa. 286, 288, 17 A.2d 190 (1940). *See Commonwealth v. Cox,* 209 Pa.Super. 457, 228 A.2d 30, *allocatur refused*, 209 Pa.Super. xxxix (1967) (acts of kissing victim and fondling her breasts part of single criminal act of intercourse). Thus, in

*Commonwealth v. Lezinsky,* 264 Pa.Super. 476, 400 A.2d 184 (1979), this court en banc held that the defendant's conviction of criminal mischief merged for sentencing purposes with his conviction of arson.  In so holding, Judge VAN der VOORT cited the decisions in *Shaddock* and *Walker* and stated:

> In our present case, although there were various consequences to various victims, the consequences derived from a single "act" or "transaction", specifically the ignition of the barn, which may be the basis of various charges, but ultimately of only one sentence.
>
> The trial judge's opinion rejected defendant's argument that the charge of criminal mischief should "fall" because it "merges" into the arson charge as a "lesser included offense of the crime of arson."  For this purpose he pointed out correctly that criminal mischief, under the Crimes Code contains two elements not included in arson, specifically criminal mischief involves (1) "tangible property", (personal property) rather than a "building or occupied structure" (real property);  and (2) intentional, reckless, or negligent acts, whereas arson does not include negligence.
>
> These differences may therefore prevent a technical "merger" of criminal mischief into arson, but, nevertheless, we hold that principles of *Shaddock* and *Walker, supra,* apply to our case, and do not permit duplicate sentences for the single "act" or "transaction."
>
> It should perhaps be noted further that criminal mischief is so defined as to permit, in some other case, a negligent act, which would not be sufficient to prove arson;  but in this present case the proffered proof of both offenses was the same, intentional act of igniting a building.

264 Pa.Super. at 479, 400 A.2d at 185–86 (footnote omitted).

■ Applying these principles here, we hold that the lower court erred in imposing two sentences, one for burglary and one for criminal trespass, for the evidence is that in practical effect, appellant committed but one criminal act, specifical-

ly, one unlawful entry.[3] As Judge VAN der VOORT observed, in *Commonwealth v. Romanoff*, 258 Pa.Super. 452, 460, 392 A.2d 881, 885 (1978), "What may be an ambiguity in the definitions of actions made criminal will not cloud our applying common sense understanding to the facts." Since the sentence for criminal trespass obviously did not affect the sentence for burglary, we shall not remand but shall merely vacate the sentence imposed for criminal trespass as the lesser crime.[4]

Affirmed, except the sentence for criminal trespass is vacated.

**3.** This holding does not conflict with the decision of a panel of this court in *Commonwealth v. Miller*, 269 Pa.Super. 589, 410 A.2d 857 (1979). The issue in *Miller* was not the propriety of sentences imposed for criminal trespass and burglary but the propriety of the court's accepting the jury's verdicts of guilty of theft, attempted burglary, burglary, and criminal trespass where all the charges arose out of a single entry. Indeed, the appellant's brief in *Miller* was not addressed to sentencing but to the convictions. We note that the panel in *Miller* stated: "We therefore vacate the judgment of sentence and remand the cause [*sic*, case] with instructions to the court below to resentence upon the verdict of guilty of burglary and criminal trespass only." *Id.*, 269 Pa.Super. at 592, 410 A.2d at 859. However, we do not read this sentence as permitting separate sentences for both criminal trespass and burglary, but only as permitting the verdicts of guilty of both crimes to stand.

**4.** Burglary is a felony of the first degree. Criminal trespass is at most a felony of the second degree.