439 A.2d 732

**COMMONWEALTH of Pennsylvania**

v.

**Herbert DIETERLY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Dec. 18, 1981.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, JOHNSON, and POPOVICH, JJ.

POPOVICH, Judge:

On April 27, 1977, appellant, Herbert Dieterly, entered pleas of guilty to six separate counts of theft by deception [1] and forgery.[2] One month later, appellant was sentenced to consecutive terms of imprisonment of one to seven years on the theft and forgery convictions. Appellant did not appeal the judgment of sentence; however, he did file a petition for reconsideration seeking a "reduction in the maximum sentences ... to fifty-nine (59) months" and the authorization of the sentencing judge so that appellant would qualify for the work release program. The court granted appellant's reconsideration petition.

Approximately a year and a half later, appellant filed a petition under the Post Conviction Hearing Act. The Act of January 25, 1966, P.L. (1965), 1580, § 1 et seq., 19 P.S.A. § 1180–1 et seq. (1981–82). Appellant's petition was denied without a hearing, and this appeal followed. We affirm.

 Under the Post Conviction Hearing Act, an issue is waived if the petitioner knowingly and intelligently failed to raise it and is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. 19 P.S. § 1180–4(b). Because appellant did not assert at sentencing, in his reconsideration petition, or on appeal that (a) he should have been given credit for time served in prison between February 2, 1977 and August 9, 1977; (b) the court below erred when it failed to specify a definite date for the commencement of appellant's sentence; and (c) the court, at sentencing did not place on the record its reasons for the

1. 18 Pa.C.S.A. § 3922.

2. 18 Pa.C.S.A. § 4101.

sentence imposed, those issues are waived. See e.g., *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Morris*, 273 Pa.Super. 477, 417 A.2d 748 (1979).[3] Additionally, appellant has not alleged nor does the record support the existence of extraordinary circumstances.

 Appellant, however, also has alleged that the court below did not have the power to sentence him on the forgery *and* theft convictions because "the [c]ommonwealth suffered but *one* crime when the defendant fraudulently cashed a check." See Brief for Appellant, at 5. (Emphasis added). The waiver doctrine has not been applied traditionally to this type of sentencing allegation. See *Commonwealth v. Walker*, 468 Pa. 323, 329, 362 A.2d 227, 230 (1976); *Commonwealth v. Boerner*, 281 Pa.Super. 505, 515 n. 11, 422 A.2d 583, 588 n. 11 (1980); *Commonwealth v. Crocker*, 280 Pa.Super. 470, 474 n. 2, 421 A.2d 818, 820 n. 2 (1980).[4]

To begin with, in order to evaluate appellant's claim, it is necessary to examine the facts which were set forth in the informations charging appellant with both forgery and theft by deception. With minor variations, the informations contained the following language:

**3.** Although not raised by either party, this Court may raise the question of waiver *sua sponte*. See *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Klaric*, 263 Pa.Super. 286, 397 A.2d 1212 (1979).

**4.** In *Commonwealth v. Walker*, supra, our Supreme Court said that the issue of "duplicitous sentences" where both convictions grew out of the same and single act of intercourse, was not waived. The Court said:
 "The lawfulness of those sentences must be viewed together, where as here, the facts set out in the indictment make out but a single act upon which the charges in the indictment rest." *Id.*, 468 Pa. at 330 n. 3, 362 A.2d at 230 n. 3.
In this case, also, appellant is challenging the lawfulness of his sentence. Therefore, in order to evaluate this claim, it is necessary to examine the facts set forth in the charging document, in this case the information, in order to determine if the facts set forth therein rested upon "a single act". Hence, appellant has not waged a disguised attack on the validity of the convictions underlying the sentences, and the merits of the issue can be addressed. *Commonwealth v. Walker, Id.*, 468 Pa. at 330, 362 A.2d at 230.

"The acts committed by the accused were: (A) P.C.C. FORGERY, UTTERING FORGED INSTRUMENT. (4101)(a)(2) & (3) and THEFT BY DECEPTION (3922)(a)(1) In that the above named ACTOR did wilfully, knowingly, and feloniously *forge and utter a certain check*, No. 109 of the NORTHEASTERN BANK OF PENNSYLVANIA of a false and ficticious [sic] account in the name of GEORGE R. WARNER, and did with the intent to defraud the FIRST FEDERAL SAVINGS and LOAN forge and utter said check, *receiving in payment* the sum of $290.00, to the detriment of FIRST FEDERAL SAVINGS and LOAN." (Complaint Number, C-417, 1976) (Emphasis added).

In the instant case, we must determine:

"whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be merger and only a single sentence may be imposed, or more than a single act, in which case there will be no merger and a sentence may be imposed for each act. See *Commonwealth v. Buser*, 277 Pa.Super. 451, 455, 419 A.2d 1233, 1236–1237 (1980); *Commonwealth v. Jackson*, 271 Pa.Super. 131, 137 n. 8, 412 A.2d 610, 613 n. 8 (1979); *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 49, 391 A.2d 662, 667 (1978) CERCONE, P. J., concurring and dissenting ("unique facts"). If there has been but one criminal act, even though it caused several injuries still there has been but one penalty. See *Commonwealth v. Walker*, 468 Pa. 323, 331, 362 A.2d 227, 231 (1976). Similarly, if there have been several acts but all were part of a single transaction and differed, if at all, only in degree, there may be but one penalty. *Commonwealth ex rel. Shaddock v. Ashe*, 340 Pa. 286, 288, 17 A.2d 190 (1940). See *Commonwealth v. Cox*, 209 Pa.Super. 457, 228 A.2d 30, *allocatur refused*, 209 Pa.Super. xxxix (1967) (acts of kissing victim and fondling her breasts part of single criminal act of intercourse.") *Commonwealth v. Crocker*, *supra*, 280 Pa.Super. 470, at 473–6, 421 A.2d 818, at 820–1 (1980).

A common sense reading of the facts reveals that appellant committed two successive and distinct acts when he signed the forged check without authority and then presented the check, thereby creating a false impression that the check presented was valid and properly executed. See *Commonwealth v. Williams*, 273 Pa.Super. 578, 417 A.2d 1200 (1980). Therefore, appellant could be sentenced for convictions stemming from both criminal statutes, forgery, and theft by deception.

Order affirmed.

BROSKY, J., files a concurring statement.

BROSKY, Judge, concurring:

I concur in the result reached by the majority. I am satisfied that the issue raised by Dieterly concerning the power of the trial court to sentence him to separate sentences for forgery and theft by deception is properly before this court. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976), and that our decision in *Commonwealth v. Williams*, 273 Pa.Super. 578, 417 A.2d 1200 (1980), clearly indicates that the actions of the trial court were proper.