## Bilunas v. PennDOT

*Todd A. Hoover,* for plaintiff.
*Donald Smith, assistant counsel,* for PennDOT.

HESS, *J.,* November 6, 1991—On August 6, 1991, Robert F. Bilunas pled guilty to two counts of delivery of a controlled substance. The original charges arose from two marijuana sales to an undercover police officer. The first sale occurred on February 12, 1991, at approximately 3:50 p.m., when Bilunas sold the officer an ounce of marijuana. The second sale also occurred on February 12, 1991, at approximately 4:20 p.m., when, after negotiation, Bilunas sold the same officer two pounds of marijuana. Both transactions were conducted in Bilunas's vehicle in the same general vicinity.

After sentencing on August 6, 1991, the clerk of courts sent notice of the convictions to the Pennsylvania Bureau of Driver Licensing in accordance with 35 P.S. §780-113(m). Thereafter, on August 30, 1991, Bilunas received notice from the Bureau of Driver Licensing that his license would be suspended for 90 days effective October 4, 1991, and for one year effective January 2, 1992. Bilunas filed a timely appeal with this court from the license suspension. He contends that both delivery counts arose from the same criminal transaction, therefore it was improper for the Bureau of Driver Licensing to give him two consecutive suspensions.

## DISCUSSION

In a license suspension appeal, the court can only consider whether the licensee was in fact convicted and whether the Pennsylvania Department of Transportation,

Bureau of Driver Licensing, has acted in accordance with applicable law. *PennDOT v. Heeter,* 128 Pa. Commw. 480, 482-83, 563 A.2d 993, 994 (1989).

On August 6, 1991, Bilunas was convicted of two counts of delivery of a controlled substance. Therefore, the only remaining issue is whether DOT acted in accordance with applicable law, 35 P.S. §780-113(m) states:

"(m) Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation...."

Bilunas was convicted of violating 35 P.S. §780-113(m) which makes it illegal to deliver a controlled substance when not licensed to do so. This offense falls within the parameters of 35 P.S. §780-113(m). DOT, in turn, suspended Bilunas's license for two consecutive periods; 90 days and one year. Under 35 P.S. §780-113(m)(1), DOT is authorized to suspend a license for 90 days for a first offense and under 35 P.S. §780-113(m)(2) for one year following a conviction for a second offense. Because Bilunas was convicted of two separate counts of delivery, DOT is facially authorized to impose progressive consecutive suspensions for two offenses under 35 P.S. §780-113(m)(3).

The only issue left is whether two counts of delivery on the same day to the same officer constitutes two offenses for purposes of 35 P.S. §780-113(m). Although never directly addressed in a context which is on point, the Pennsylvania courts have held, generally, that two trans-actions, although close in time and part of a single chain of events, involve distinct offenses for the purposes of a license suspension. See *PennDOT v. Garvin,* 67 Pa. Commw. 424, 447 A.2d 695 (1982) (guilty plea to four counts of burglary warranted four consecutive license revocations). See generally *PennDOT v. Bishop,* 102 Pa. Commw. 483, 518 A.2d 897 (1986) (separate and distinct traffic offenses are not merged into a single act merely because conduct occurred during one continuous episode); *PennDOT v. McKiniry,* 89 Pa. Commw. 77, 491 A.2d 928 (1985) (four stop-sign citations issued by same officer for offenses occurring at four different times and four different locations constituted four different and distinct offenses).

Outside the area of license suspension, in a case dealing with sentencing, the Superior Court has treated multiple criminal counts of the same crime occurring at different times as distinct offenses. In *Commonwealth v. Sabathne,* 227 Pa. Super. 331, 323 A.2d 337 (1974), the defendant entered guilty pleas to two separate counts of unlawful delivery of a controlled substance under 35 P.S. §780-113. He was sentenced to two concurrent prison terms. On direct appeal, the defendant contended that both counts merged into a single count for the purpose of sentencing. The defendant had made two separate sales of methamphetamine tablets to the same undercover police officer on the same day. The first sale consisted of eight tablets for $2 and the second of 100 tablets for $20. Both sales took place in the same locale approxi-

mately 45 minutes apart. The Pennsylvania Superior Court affirmed the sentences finding that the two sales were sufficiently distinct, as to quantity, payment and time, such that they constituted distinct offenses.[1] The court also held that the fact that the two acts were successive did not require a conclusion that they had merged when one of the two acts was not an ingredient of the other.

In the instant case, Bilunas pled guilty to two counts of delivery of a controlled substance in violation of 35 P.S. §780-113. The petitioner had made two separate sales of marijuana to the same undercover police officer on February 12, 1991. The first sale consisted of one ounce for $200 and the second of two pounds for $4,995. Both sales took place in the same locale approximately 30 minutes apart. Applying the reasoning of *Sabathne, supra,* the petitioner's two sales constituted two distinct offenses.[2]

## ORDER

And now, November 6, 1991, plaintiff's appeal from his license suspension is denied.

---

1. The court also took into consideration that a third party intervened in one of the sales. We do not find this preclusive.

2. See also *Commonwealth v. Prestidge,* 372 Pa. Super. 282, 539 A.2d 439 (1988), *alloc. denied,* 520 Pa. 615, 554 A.2d 508 (1988) (two counts of theft by deception arising out of two separate incidents on the same day do not merge for sentencing purposes); *Commonwealth v. Umberger,* 31 Somerset L.J. 142 (1974) (drug deliveries to two different persons at substantially the same time constituted two separate deliveries); *Commonwealth ex rel. Jones v. Myers,* 48 Del. L.J. 173 (1960) (sale of narcotics on different days were separate offenses). For a multi-jurisdictional analysis see *State v. Rozier,* 316 S.E.2d 893, 904-04 (N.C. App. 1984).